IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT NEVILLE,

    Plaintiff,

v.                                        CASE NO. 1:15-cv-70-RS-GRJ

BUDDY IRBY,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. 1983.  (Doc. 1.)  He has filed a motion to proceed *in forma pauperis*, which is due to be granted for the limited purpose of screening his Complaint.  (Doc. 2.)  Pursuant to 28 U.S.C. § 1915(e)(2) governing proceedings *in forma pauperis* the Court is required to screen the complaint.

In his Complaint, Plaintiff alleges that Buddy Irby, the Clerk of Court in the Eighth Judicial Circuit Court of Florida, has refused to file documents in five lawsuits that he initiated in 2012 that have since been closed for inactivity.  Plaintiff claims that Buddy Irby is acting contrary to Florida law and requests an order from the Court directing Irby to file his pleadings in state court. The Complaint is due to be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).   A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor  v. Appleton*, 30 F.3d 1365,

1367 (11th Cir. 1994). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

Plaintiff alleges that the refusal to file any papers is contrary to Florida law, and the Due Process clause of the United States and Florida Constitutions. To the extent that Plaintiff alleges that Irby's actions violate state law, a violation of state law cannot serve as the basis for a claim under 42 U.S.C. § 1983. *See Shields v. Hopper*, 519 F. 2d 1131 (5th Cir. 1975). Moreover, Plaintiff cannot allege jurisdiction based upon diversity because both Plaintiff and Defendant are residents of Florida. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). Lastly, to the extent Plaintiff alleges that Irby is violating Plaintiff's right to due process under the Federal Constitution Plaintiff cannot bring a due process claim because he does not have a life, liberty or property interest in filing pleadings or other documents in a closed state case. And to the extent that Plaintiff requests the Court to enter an order directing the state clerk of court to file pleadings, this Court does not have the authority to direct a state official to take action in a pending or closed civil case. Accordingly, this Court does not have subject matter jurisdiction over this action and, therefore, the case should be dismissed without the need to provide the Plaintiff with an opportunity to amend the complaint.

In addition to the fact that the Court does not have subject matter jurisdiction over this action, Plaintiff previously has been sanctioned by this Court for filing

"numerous frivolous motions." *Neville v. Botsford,* Case No. 1:06-cv-199-MP-AK, (Doc. 122, June 15, 2010). In *Botsford* Plaintiff was ordered to pay $1,690.00 in attorney's fees to Defendants, and $3,380.00 in fines, payable to the Clerk of Court no later than July 13, 2010. *Id.* Another case filed by Plaintiff also was dismissed as frivolous. *Neville v. Cervone*, Case No. 1:12-cv-159-SPM-GRJ (Doc. 9, September 19, 2012.) In that case, the district judge ordered that "[n]o further filings of any kind will be accepted from Plaintiff until the $3,380.00 sanction in Case No. 1:06-cv-199-MP-AK is paid, at least in part." *Id.* at 2.[1]

In light of the foregoing, it is **ORDERED** that Plaintiff's motion to proceed as a pauper, Doc. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** this 20th day of April 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[1] In February, Plaintiff filed a motion in *Botsford* to make a payment of $20.00 towards the $3,380.00 sanction. *Botsford*, Doc. 153.

*Case No: 1:15-cv-70-RS-GRJ*